RECEIVED
NOV 20 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD CLEMONS ) | |
| Plaintiff, ) | |
| v. ) | Case No. _____ |
| JOSEPH BRAUER, Detective ) | (Jury Trial Demanded) |
| CHRIS PAPPAS, Detective ) | |
| NELS C. MOSS, Former Prosecutor ) | Defendants Are |
| BEN COLEMAN, Former Probation & Parole ) | Being Sued In |
| STEVEN JACOBSMEYER, Former ) | Both Their |
| Lieutenant, ) | Official And |
| RAYMOND GRIST, Detective ) | Individual Capacity |
| GARY STITUM, Detective ) | |
| ROBERT MEYER, Officer ) | |

CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

I. Place Of Confinement: St. Louis City Justice Center; 200 South Tucker Boulevard; St. Louis, Missouri 63102

II. Previous Civil Actions:
   A. Have you brought any other civil action in state or federal court dealing with the same facts involved in this action or otherwise relating to your confinement?
       YES [ ]          NO [✓]

1

II. B. Plaintiff has not filed any previous 42 U.S.C. §1983 civil action on Police Brutality related claims nor any civil action against St. Louis City Justice Center.

III. Grievance Procedures:
  A. There Is a grievance procedure at the St. Louis City Justice Center.    YES [✓]    NO [ ]

  B. Have you presented this grievance system the facts which are at issue in this complaint?
     YES [✓]    NO [ ]

  C. If your answer to "B" is YES, what steps did you take: I have filed a grievance to try and get a court order administratively complied with but have only been afforded an informal response. The staff have refused to comply with the court's order for access to a law library. I have attached what limited response has been offered, there is no access to policy for airing of grievance or due process.

  D. If your answer to "B" is NO, explain why you have not used the grievance system: The Administration refuses to grant meaningful access to the grievance procedure, administrative policy, or the courts and the laws enforce even under the force of a court order. Which is why they are mentioned in this law suit.

2

IV. PARTIES TO THIS ACTION:
A. PLAINTIFF
1. REGINALD CLEMONS
2. ST. LOUIS CITY JUSTICE CENTER, 200 SOUTH TUCKER BOULEVARD, ST. LOUIS, MISSOURI 63102
3. REGISTRATION NUMBER: 67137

B. DEFENDANT(S)
JOSEPH BRAUR (FORMER ST. LOUIS CITY HOMICIDE DETECTIVE)
CHRIS PAPPAS (FORMER ST. LOUIS CITY HOMICIDE DETECTIVE)
NELS C. MOSS (FORMER ST. LOUIS CITY PROSECUTOR) BEN COLEMAN (FORMER ST. LOUIS PROBATION & PAROLE SUPERVISOR)
STEVEN JACOBSMEYER (FORMER ST. LOUIS CITY HOMICIDE LIEUTENANT) RAYMOND GRIST (FORMER HOMICIDE DETECTIVE)
ROBERT MEYER (FORMER ST. LOUIS CITY POLICE OFFICER)
DAVID A. ROBBINS (FORMER ST. LOUIS CITY HOMICIDE DETECTIVE)
GARY STITTUM (FORMER ST. LOUIS CITY HOMICIDE DETECTIVE)
JAMES CONWAY (FORMER ST. LOUIS CITY HOMICIDE DETECTIVE)
NESSBY MOORE, JR. (FORMER ST. LOUIS CITY HOMICIDE DETECTIVE)
RITA M. KRAPH (FORMER ST. LOUIS CITY HOMICIDE DETECTIVE)
VINCENT C. SCHOEMEHL (FORMER MAYOR OF ST. LOUIS CITY)
ROBERT SCHEETZ (FORMER CHIEF OF ST. LOUIS CITY POLICE)
BOARD OF COMMISSIONERS OF METROPOLITAN POLICE DEPARTMENT OF THE ST. LOUIS POLICE, DULY APPOINTED SUPERVISORY BOARD OF METROPOLITAN POLICE DEPARTMENT,
ROBERT BAUMAN (FORMER CAPTAIN OF ST. LOUIS CITY POLICE)
COMMISSION OF CRIMES AGIANST PERSONS INVESTIGATION

3

BUREAU, DANIEL NICHOLS (FORMER ST. LOUIS CITY POLICE SERGEANT) MIKE GUZZY (FORMER ST. LOUIS CITY POLICE SERGEANT) RICHARD TREVOR (FORMER ST. LOUIS CITY POLICE DETECTIVE) JOHN WALSH (FORMER ST. LOUIS CITY POLICE DETECTIVE) JOSEPH NICKERSON (FORMER ST. LOUIS CITY POLICE DETECTIVE) GEORGE BENDER (FORMER ST. LOUIS CITY POLICE DETECTIVE) JACK HUELSMANN (FORMER ST. LOUIS CITY INTERNAL AFFAIRS SERGEANT) HARRY B. HEGGER (FORMER ST. LOUIS CITY INTERNAL AFFAIRS COMMANDER) ALL ABOVE NAMED DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL CAPACITY AND IN THEIR OFFICIAL CAPACITY INDIVIDUALLY AND COLLECTIVELY FOR VIOLATING PLAINTIFF'S FIRST AMENDMENT RIGH TO COUNSEL AND RETALIATING AGIANST PLAINTIFF FOR ASKING FOR COUNSEL AND BEATING PLAITIFF FOR ATTEMPTING TO EXERCISE HIS RIGHT TO REMAIN SILENT AND HIS RIGHT TO COUNSEL, VIOLATING PLAINTIFF'S FOURTH AMENDMENT RIGHT TO BE FREE OF UNREASONABLE SEARCH AND SEIZURE OF AUDIO TAPED EVIDENCE AND PLAINTIFF'S PERSON IN CUSTODY, VIOLATING PLAINTIFF'S FIFTH AMENDMENT RIGHT NOT TO BE DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS AND USING THE INFORMATION FOR PUBLIC USE TO DEFAME AND LIBELLY SLANDER, SIXTH AMENDMENT RIGHT OF ACCESS TO THE COURT AND ATTORNEYS FOR CONFIDENTIAL COMMUNICATION UPON VERBAL REQUEST, VIOLATING PLAINTIFF EIGHTH AMENDMENT RIGHT TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT BY BEATING PLAINTIFF INTO SUBMISSION WHILE IN POLICE CUSTODY,

4

NINTH AMENDMENT RIGHT ENUMERATED IN THE CONSTITUTION SHALL NOT BE CONSTRUED TO DENY OR DISPARAGE OTHER RIGHTS RETAINED BY THE PEOPLE, VIOLATING PLAINTIFF'S THIRTEENTH AMENDMENT RIGHT BY BEATING HIM FOR THE PURPOSE OF USING FORCE AND COMPULSION TO FORCE PLAINTIFF TO INVOLUNTARILY MAKE TWO AUDIO RECORDED STATEMENTS AGAINST HIS WILL AND CLEARLY EXPRESSED DESIRES TO REMAIN SILENT AND TO BE PROVID COUNSEL, AND VIOLATING PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION UNDER THE LAW AND DUE PROCESS TO FACILITATE THE APPLICATION OF THE LAW UPON THE KNOWN FACTS BY DENYING PLAINTIFF'S MOTHER THE OPPORTUNITY TO ACCOMPANY HIM TO THE HOMICIDE DIVISION TO DENY HIM REASONABLE OPPORTUNITY TO OBTAIN OR REQUEST COUNSEL BY AND THROUGH HIS PARANTS TO HALT THE INTERROGATION AND TIMELY ACCESS TO EVIDENCE AND WITNESSES FOR LEGAL REDRESS. THE LIST OF PLAINTIFF'S IN THIS CASE AND ALL INFORMATION IS IN NEED OF BEING AMENDED BY COUNSE TRAINED IN THE LAW.

V. COUNSEL
  A. DO YOU HAVE AN ATTORNEY TO REPRESENT YOU IN THIS ACTIONS?
    YES [ ]    NO [✓]
  B. IF YOUR ANSWER TO "A" IS NO, HAVE YOU MADE AN EFFORT TO CONTAC AN ATTORNEY TO REPRESENT YOU IN THIS MATTER?
    YES [✓]    NO [ ]
  C. IF YOUR ANSWER TO "B" IS YES, STATE THE NAME(S) AND ADDRESS(ES) OF THE ATTORNEYS YOU CONTACTED AND THE RESULTS OF THOSE EFFORTS

5

CARLITA TOLBERT
MACARTHUR JUSTICE CENTER
3115 SOUTH GRAND BOULEVARD, SUITE 300
ST. LOUIS, MISSOURI 63118

SETH CRUMPTON
HOLLAND LAW FIRM
300 NORTH TUCKER BOULEVARD, SUITE 801
ST. LOUIS, MISSOURI 63101

JAMALA ROGERS, ORGANIZATION FOR BLACK STRUGGLE
P.O. BOX 5277
ST. LOUIS, MISSOURI 63115

ELSTON MCCOWAN
NAACP
4811 DELMAR
ST. LOUIS, MISSOURI 63108

JEFF DUKE (314) 296-6080

D. IF YOUR ANSWER TO "B" IS NO, EXPLAIN WHY YOU HAVE NOT MADE SUCH EFFORTS:
N/A

E. HAVE YOU PREVIOUSLY BEEN REPRESENTED BY COUNSEL IN A CIVIL ACTION IN THIS COURT?
YES [ ]      NO [✓]

6

Reginald Clemons v. Joseph Brauer Civil Suit
Statement Of Claim (cont. from Page 5)

Plaintiff is filing this law suit within the calculated two years of 730.50 days after the Supreme Court Of Missouri November 24, 2015 order in Case No. SC90197 prior to the tolled deadline of November 24, 2017, based on concealed evidence of police brutality substantiating actual injuries.

Plaintiff has been legally hindered from filing this law suit pro se and has sought legal counsel who have all declined to respond or take up plaintiff's law suit arising out of police brutality, denying him access to the court and equal due process of law regardless of poverty or conditions of confinement, violating Plaintiff's FIFTH, SIXTH, and FOURTEENTH Amendment Rights under the U.S. Constitution.

Plaintiff has a FOURTEENTH Amendment, SIXTH Amendment and FIFTH Amendment Equal Protection under the law and due process protected right to sue for police brutality equally and on balance with the protection afforded Thomas Cummins as a matter of law and due process. Where Plaintiff has unfairly been denied equal protection access to evidence and denied legal representation due to his poverty and prosecutorial misconduct in delaying this civil action, violating Plaintiff's FOURTEENTH Amendment equal protection due process rights having been denied.

Since November 24, 2015, when plaintiff First Degree Capital Murder convictions were vacated based on newly discovered evidence that was concealed by the State Prosecutor and effectively made unavailable for 24 years and five months.

7

This new evidence was the key piece of evidence that tilted the scales pass the threshold of whether or not police brutality was inflicted upon plaintiff. The Supreme Court Of Missouri reached the conclusion that based upon Brady violation evidence that was withheld proved plaintiff was beaten into a coerced confession on April 7, 1991 and granted relief that was delayed due to the State Prosecution's conduct or those acting on behalf of the prosecution's case. Likewise it is due to the actions of prosecution or those acting on the prosecution's behalf have delayed and tolled the limitation on civil action relief due to the Brady violation delaying judicial determination under due process and equal protection of the law.

    Plaintiff's claims on police brutality did not become ripe for a law suit until the Supreme Court of Missouri handed down its November 24, 2015 order under case No. SC90197 where delay of relief was due to the defendants or those acting on their behalf withheld substantially material evidence that proved to be determinative.

    Since November 24, 2015, Reginald Clemons the pro se plaintiff in this litigation seeking appointed counsel to gain either legal representation or access to an adequately resourced law library to litigate this police brutality and mistreatment law suit, to gain SIXTH Amendment access to the courts.

8

On July 18, 2016, Plaintiff sought and obtained a court order for access to a law library at the St. Louis City Justice Center. The St. Louis City Justice Center has failed or refused to provide Plaintiff access to little more than one volume set of V.A.M.S. Statute books with no access to case law material or federal statutes. Even under a court order in contempt thereof violating Plaintiff's right of access to the court and due process of law.

St. Louis University and the MacArthur Justice Center have both offered to donate legal material and supplies to the St. Louis City Justice Center where the only law library material resources are a room called a law library for legal effect providing no means to conduct meaningful case law research for drafting meritful legal pleadings.

The Plaintiff has complained to Adrian Barnes, the Warden, Felita Bain the Constituent Grievance Officer, Robin Edwards the Program Manager, Dale Glass the Commissioner, concerning his lack of access to adequate legal material for participating in his First Degree Capital Murder trial defense and any other litigation by order of the court. Plaintiff has attempted to file a grievance concerning this matter, but has been denied access to the grievance process as a form of retaliation and placed in punitive confinement as a form of retaliation against his court order and denial of due process for access to the court.

9

Plaintiff has recently filed a fresh grievance on August 30, 2017, with past letters of correspondence about access to the law library attached to the grievance dating back to:

August 16, 2016 letter to SLU Law Proffessor Justine Hansford
August 29, 2016 letter to Commissioner Dale Glass
September 7, 2016 letter to Warden Adrian Barnes

Plaintiff has continuously sought help in obtaining access to the court and a law library for the filing of this law suit. Where Plaintiff does not know off the top of his head how to file a tort claim law suit and does not know what legal manuvers are needed to address the complexities of tolling the time limitation for filing this $150,000.00 or $2,000,000.00 police brutality law suit.

Plaintiff does not know without access to case law research material who are the proper defendants to sue under a 42 USC § 1983 or tort claim law suit where Plaintiff was in fact beaten by police detectives Chris Pappas and Joseph Brauer and now decease former prosecutor Nels C. Moss played a role in concealing evidence and/or repressing testimonial evidence. Plaintiff is not sure or legally trained to have certainty as to who should be sued in their professional official capacity and/or their individual capacity. Plaintiff does not know if he should be suing the State Of Missouri, the St. Louis

10

City Police Department, St. Louis City Police Commissioner, Mayor Fransis Slay, the St. Louis City Mayor's Office, St. Louis City Chief Of Police Clearence Harmon, the Office of the Chief of Police, former District Attorney George Peach or the whole St. Louis City Circuit Attorneys office, the St. Louis City Board Of Confederate Colonels of 1991 individually or collectively or in their official capacity.

 I, Reginald Clemons, was beaten into making a coerced audio taped statements on April 7, 1991 where I suffered pain, emotional stress, anxiety, and physical invisable injuries, and visable injuries, a concusion and emotional trauma at the hands of the St. Louis City Police Department and those in its employ individually and collectively John Walsh, Gary Stittum, Joseph Trevor, Steven Jacobsmeyer, Raymond Grist, Chis Pappas, and Joseph Brauer. Evidence of the police brutality that I have suffered has been either concealed or destroyed by the St. Louis Police Department, St. Louis City Circuit Attorney's Office, Nels C. Moss, Ben Coleman, George Peach, Joseph Brauer, Chris Pappas, Clearence Harmon, Mayor Vincent ~~Scheohmle~~ Schoemehl.

 Without access to the law via a law library and or appointment of counsel Plaintiff's valid claims of police brutality will fail due to his poverty and lack of legal training conditions of confinement proving inadequate legal material at the St. Louis City Justice Center preventing plaintiff from receiving the constitutional

11

protections of the law and access to courts for obtaining relief.

On April 7, 1991 Detective Chris Pappas and Joseph Brauer who are being sued in their official and individual capacity did in fact beat Reginald Clemons as has been found by the Supreme Court Of Missouri, for the purpose of forcing plaintiff to confess while in the custody of the St. Louis City Central Homicide Division. The actions of Chris Pappas and Joseph Brauer violated Plaintiff's FIRST Amendment Right to access to associate with an Attorney and to protest peacefully or petition government without fear of retaliation or abridgment of his constitutional rights, FOURTH Amendment Right not to be deprived of property or liberty without due process of law, EIGHTH Amendment Right to be free of cruel and unusual punishment by police beating plaintiff while plaintiff was in their custody into providing two coerced recorded confessions by force and intimidating tactics of brutality.

Prosecutor Nels Moss and Probation & Parole Supervisor Ben Coleman called Warran Weeks to an office to question him about his ~~determination~~ determinative evidence relating to Reginald Clemons being beaten by police. The excusable time delay in this law suit being brought is due in large part to the suppression, concealment or withholding of evidence and witnesses
12

information by the actions of Mr. Moss and Mr. Coleman and other members of the St. Louis City Police Department and Circuit Attorney's Office on behalf of the prosecution's case. Violating Plaintiff's FOURTEENTH Amendment right to equal due process of law for filing of a police brutality law suit commenserate with that afforded Thomas Cummins access to evidence and witnesses. The substantial delay created by tampering with evidence and obstruction of witnesses coming forward by means of intimidation has created complexities plaintiff is not conditionally nor properly resourced to litigate without access to an adequately equipped and supplied law library.

 Without legal counsel or access to adequate meaningful legal research material to figure out if he should file suit against the estate of Nels Moss, the Circuit Attorney's Office, Probation And Parole, Mr. Ben Coleman in their individual capacity and or in their official capacity.

 Plaintiff was in fact beaten by Police Detectives Chris Pappas and Joseph Brauer to force plaintiff to give two audio recorded confessions.

 Unlike the lack of due process suffered by Plaintiff Thomas Cummins was unequally provided unobstructed access to witnesses and evidence to investigate and build the facts of his civil suit claims in a timely fashion even to the extent that has parant was allowed to witness Thomas Cummins custody and confinement.

 Regardless of a court order for access to a law library,

13

grievance complaints and informal communication to gain access to a law library, Plaintiff has not successfully obtained legal counsel to compensate for lack of access to a law library denying him access to the court due to his poverty.

The delay of bringing this police brutality, abuse at the hands of police, injuries suffered at the hands of police, unlawful restraint or whatever the proper legal terms that need to be found through case law research and or by an licensed attorney trained in the law, is delayed due to prosecution, probation & parole, and St. Louis City Police individuals hiding evidence and hinder its disclosure to evade the law or plaintiff bringing this suit.

Plaintiff is filing this suit within 730.50 days after the Supreme Court of Missouri November 24, 2015 order in Case No. SC90197 prior to the tolled deadline of November 24, 2017. Where the subject matter of this suit, facts and evidence could not be filed in a suit until after a conclusive determination had been reached in criminal appeal concerning police brutality.

Plaintiff has attached 24 pages for judicial review of his prima facia evidence that proves and establishes plaintiff was beaten by police. These attached pages also are being submitted to show the court proof of his attempts to gain access to a law library.

14

The first 13 pages that are attached are the relevant pages to this law suit as they relate to police brutality and the fact that defendants withheld evidence that prevented the law suit from being proven to be meritful.

The Supreme Court of Missouri found that "the state intentionally took steps to hide Mr. Weeks corrobarative testimony from Mr. Clemons by attempting to convince Mr. Weeks to change his report to prevent further reporting of Mr. Clemons injuries; altering his records of the injury on the pretrial release form; and failing to disclose the Weeks evidence to Mr. Clemons, ...." the delay of the state's disclosure is the cause of the delay of bringing this civil suit based on the police brutality, Case No. SC90197 page 40 attached herewith. Denying Plaintiff due process and thereby tolling Time Limitation for filing civil suit. "... and the failure of the IAD report to accurately describe Mr. Weeks' pretrial release report or include Mr. Lukanoff as a witness to Mr. Clemons condition at the time of the pretrial interview. Together this evidence supports a reasonable inference that Mr. Clemons was beaten by the police during his interrogation." Case No. SC90197 page 38 attached.

The remaining 11 pages are the grievance complaint with attached letters demanding access to an adequately supplied law library and compliance with Judge Rex Burlison's court order for access to a law library. The St. Louis City Justice Center administrative staff have

15

refused the comply with the order or process the related grievance beyond the Informal Resolution Request No. SRN# CJC 08-17-105-B3.

VII. RELIEF

STATE BRIEFLY AND EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. DO NOT MAKE LEGAL ARGUMENTS. (NOTE: IF YOU ARE A STATE PRISONER AND YOU SEEK FROM THIS COURT RELIEF THAT AFFECTS THE LENGTH OR DURATION OF YOUR IMPRISONMENT, YOUR CASE MUST BE FILED ON A §2254 FORM.)

WHEREFORE PLAINTIFF PRAYS THIS COMPLAINT IS FOUND TO BE TOLLED BY BOTH THE ACTIONS OF THE DEFENDANTS AND NORMAL PROCESSES OF LAW THAT REQUIRE CHARGES BE VACATED OR ACQUITTED BEFORE A CRIMINAL MATTER CAN BECOME RIPE FOR FILING A CIVIL SUIT AND THAT THE SUPREME COURT OF MISSOURI DETERMINATION OF POLICE BRUTALITY RELATED FACTS STARTED THE TIME CALCULATION OF LIMITATION ON NOVEMBER 24, 2017.

PLAINTIFF FURTHER PRAYS THAT THIS HONORABLE COURT GRANT NOMINAL DAMAGES, ACTUAL DAMAGES, PUNITIVE DAMAGES FOR THE INJURIES ACTUALLY SUFFERED, EMOTIONAL DISTRESS, MENTAL ANGUISH, DEFAMATION OF CHARACTER, LIABLE SLANDER AS FACTS RELATE TO PLAINTIFF BEING BEATEN INTO A COERCED CONFESSION. FOR A JURY TRIAL TO BE HELD FOR A FULL JUDICIAL INQUEST AND JURY VERDICT.

VIII. MONEY DAMAGES:

A) DO YOU CLAIM EITHER ACTUAL OR PUNITIVE MONETARY DAMAGES FOR THE ACTS ALLEGED IN THIS COMPLAINT?

YES [✓]     NO [ ]

B) IF YOUR ANSWER TO "A" IS YES, STATE BELOW THE AMOUNT CLAIMED AND THE REASON OR REASONS YOU BELIEVE YOU

17

ARE ENTITLED TO RECOVER SUCH MONEY DAMAGES:
PLAINTIFF IS AWARE THAT THOMAS CUMMINS WAS BEATEN BY THE SAME POLICE DETECTIVES IN SIMULAR WAYS & FOR SIMULAR REASONS IN THE SAME CASE AND APPROXIMATE TIME WHERE THERE WAS A SEATTLEMENT OF THE SUIT FOR $150,000.00 PLUS LEGAL EXPENSES AND LEGAL FEES BEING CHARGED TO THE DEFENDANTS. PLAINTIFF BELIEVES THAT HAD DEFENDANTS NOT WITHHELD, CONCEALED, AND REFUSED TO DISCLOSE DETERMINATIVE FACTS LITIGATION WOULD HAVE BEEN PROCESSED DIFFERENTLY FOR A DIFFERENT OUTCOME THAT WOULD HAVE ENTITLED PLAINTIFF TO EITHER A DAMAGE AWARD BY SEATTLEMENT OR TRIAL BY JURY. PLAINTIFF ASK THAT COURT COST AND ATTORNEY FEES BE CHARGED TO DEFENDANTS INDIVIDUALLY AND COLLECTIVELY TO BE PAID AS A WHOLE. DUE TO THE PASSAGE OF TIME AND RATE OF INFLATION PLAINTIFF PRAYS THAT THIS COURT GRANT PUNITIVE DAMAGES IN THE AMOUNT OF $2,000,000.00 Dollars IN U.S. CURRENCY OR $500,000.00 WORTH OF BIT COINS CRYPTO CURRENCY AT A CALCULATED VALUE IF PURCHASE IN DOLLARS ON NOVEMBER 24, 2015 TO ITS TIME OF PERSPECTIVE PAY OUT AT THE CLOSE OF THIS SUIT.

IX. DO YOU CLAIM THAT THE WRONGS ALLEGED IN THE COMPLAINT ARE CONTINUING TO OCCUR AT THE PRESENT TIME?
YES [ ]    NO [✓]

x_Reginald Clemons_                                November 18, 2017
Reginald Clemons, Pro se                           Date