# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD CLEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV2739 HEA |
| | ) |
| JOSEPH BRAUER, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on initial review of plaintiff Reginald Clemons' complaint for violations of his civil rights brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A. After reviewing the complaint, the Court will order the Clerk of Court to issue process or cause process to be issued on the complaint as to defendants Joseph Brauer, Chris Pappas, Ben Coleman, and Nels C. Moss.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915A, a prisoner's civil action seeking damages from an officer or employee of a governmental entity is subject to initial review regardless of whether the prisoner has paid the required filing fee. 28 U.S.C. § 1915A. The Court is required to dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915A, the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendment rights. Named as defendants are the following former St. Louis City Police Department employees: Joseph Brauer, Chris Pappas, Steven Jacobsmeyer, Raymond Grist, Robert Meyer, David A. Robbins, Gary Stittum, James Conway, Nessby Moore, Jr., Rita M. Kraph, Robert Scheetz, Robert Bauman, Daniel Nichols, Mike Guzzy, Richard Trevor, John Walsh, Joseph Nickerson, George Bender, Jack Huelsmann, and Harry B. Hegger. Also named as defendants are Nels C. Moss, former St. Louis City Prosecutor; Ben Coleman, former St. Louis City Probation and Parole Supervisor; Vincent C. Schoemehl, former Mayor of St. Louis City; the Board of Commissioners of the Metropolitan Police Department of the St. Louis City; and the Supervisory Board of the Metropolitan Police Department of St. Louis City.

Plaintiff alleges these defendants violated his constitutional rights when they coerced two audio-taped statements from him on April 7, 1991. In these statements, plaintiff incriminated himself in the rape and murder of two sisters at the Old Chain of Rocks Bridge on April 4, 1991.

As background, on February 13, 1993, plaintiff was found guilty by jury of two counts of first degree murder in the 1991 killing of sisters Julie and Robin Kerry. He was sentenced to death. *See State v. Clemons*, No. 22911-01758B (St. Louis City). On November 24, 2015, however, the Missouri Supreme Court granted plaintiff's state court habeas corpus petition,

vacating his convictions and sentences. *See State ex rel. Clemons*, 475 S.W.3d 60 (Mo. 2015). The Missouri Supreme Court found that the state's deliberate failure to disclose favorable evidence to plaintiff, which could have led to the suppression of plaintiff's confession, was prejudicial. The Missouri Supreme Court ordered the state to retry plaintiff within sixty days or dismiss the criminal case and "discharge" him. *Id.*

On November 20, 2017, plaintiff filed this § 1983 action, alleging violations of his right to remain silent, his right to counsel, and his right to be free of cruel and unusual punishment when the police beat him and coerced his confession to the murders. On December 18, 2017, while this § 1983 case was pending, plaintiff pled guilty to two counts of second degree murder, two counts of forcible rape, and one count of first degree robbery in exchange for a sentence of life in prison on all five counts to be served consecutively. *See State v. Clemons*, No. 22911-01758B-01 (St. Louis City); *State v. Clemons*, No. 1622-CR354-01 (St. Louis City).

**Discussion**

In its order vacating Mr. Clemons' convictions and sentences, the Missouri Supreme Court found that the state willfully violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose evidence of a favorable witness, Mr. Weeks, to the defense. *See State ex rel. Clemons*, 475 S.W.3d (Mo. 2015). The Court found that Mr. Weeks would have testified that he observed injury to Mr. Clemons' face after Mr. Clemons was interrogated by Detectives Joseph Brauer and Chris Pappas. Mr. Weeks would have stated that he recorded his observation of Mr. Clemons' injury on the pretrial release form he submitted to the court commissioner for review. Mr. Weeks would have testified that his notation of the injury was scratched out on the pretrial release form produced by the state, and that Mr. Weeks did not know who scratched out the notation, but "it had to be someone who [did] it on behalf of the State." Mr. Weeks also testified that one of his supervisors and the lead prosecutor in the case, defendant Nels C. Moss,

attempted to convince him to change his written report of the injury and, despite his refusal, the report was altered to redact any reference to the injury. *Id.* at 88. Based on this *Brady* violation, the Missouri Supreme Court vacated Mr. Clemons' convictions and sentences for first degree murder. *Id.*

Carefully reviewed and liberally construed, plaintiff's pro se complaint seeks damages under § 1983 for the state's *Brady* violation in his criminal case. Under *Heck v. Humphrey*, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been . . . declared invalid by a state tribunal authorized to make such determination." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Such a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. *Id.* at 489-90.

Plaintiff's § 1983 cause of action arising out of his *Brady* violations did not accrue until November 24, 2015, when the Missouri Supreme Court vacated his convictions and sentences for first degree murder. Additionally, under persuasive case law, Mr. Clemons' § 1983 case is not barred by his subsequent plea of guilty to two counts of second degree murder, two counts of rape, and robbery. *See Poventud v. City of New York*, 750 F.3d 121, 133-34 (2d Cir. 2014) (finding a court invalidates the final judgment in a state criminal trial when it vacates a conviction and "from that moment on, a § 1983 suit would not demonstrate the invalidity of the vacated conviction" and would not be *Heck* barred). While the Eighth Circuit has not addressed this issue, it is plausible that the state is liable under § 1983 for violating Mr. Clemons' *Brady* rights (a due process violation) even if Mr. Clemons is not an innocent man. *See id.* The Court finds plaintiff claim under § 1983 arising out of the state's *Brady* violation in his criminal trial survives initial review under 28 U.S.C. § 1915A. The Court will therefore issue process or cause

process to issue on plaintiff's action as to defendants Joseph Brauer, Chris Pappas, Ben Coleman, and Nels C. Moss.

As to the remaining defendants, the Court will dismiss plaintiff's claims because he has alleged no causal connection between the misconduct complaint of and the officials sued. *See Mahn v. Jefferson Cty., Mo.*, 891 F.3d 1093, 1099 (8th Cir. 2018). "In a claim under § 1983, there must be evidence of a causal connection between the misconduct complained of and the official sued." *Id.* (citing *Naucke v. City of Park Hills*, 284 F.3d 923, 929 (8th Cir. 2002)).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with City Counselor's Office, as to defendants Joseph Brauer, Chris Pappas, Ben Coleman, and Nels C. Moss.

**IT IS FURTHER ORDERED** that as to defendants Steven Jacobsmeyer, Raymond Grist, Robert Meyer, David A. Robbins, Gary Stittum, James Conway, Nessby Moore, Jr., Rita M. Kraph, Robert Scheetz, Robert Bauman, Daniel Nichols, Mike Guzzy, Richard Trevor, John Walsh, Joseph Nickerson, George Bender, Jack Huelsmann, and Harry B. Hegger, Vincent C. Schoemehl, the Board of Commissioners of the Metropolitan Police Department of the St. Louis City, and the Supervisory Board of the Metropolitan Police Department of St. Louis City the complaint is **DISMISSED without prejudice.**

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 12th day of July, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE