UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| REGINALD CLEMONS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:17CV2739 HEA |
| JOSEPH BRAUER, et al., | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendants Joseph Brauer and Chris Pappas's motions to dismiss plaintiff's complaint. Plaintiff has not responded to the motions, and the time for doing so has passed. For the following reasons, the Court will deny defendants' motions to dismiss.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims "which are fatally flawed in their legal premises ... thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the United States Supreme Court reiterated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.

Upon considering a motion to dismiss, a federal court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Davenport v. Farmers Ins. Grp.*, 378 F.3d 839, 842 (2004). The task of a court is then "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible")).

## Discussion

Because plaintiff is a prisoner bringing this civil action against officers or employees of a governmental entity, the Court was required to conduct an initial review of his complaint under 28 U.S.C. § 1915A. The Court was required to dismiss the complaint, without serving defendants, if the action is was frivolous, malicious, or failed to state a claim upon which relief can be granted. Under § 1915A, this Court performed a thorough review of plaintiff's claims, taking into account plaintiff's litigation history, as well as the claims in his present complaint. *See* ECF No. 8.

The Court specifically discussed in its initial review the statute of limitations argument on which defendants base the entirety of their motions to dismiss. *Id.* at 4-5. The Court stated:

> Carefully reviewed and liberally construed, plaintiff's pro se complaint seeks damages under § 1983 for the state's *Brady* violation in his criminal case. Under *Heck v. Humphrey*, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been . . . declared invalid by a state tribunal authorized to make such determination." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Such a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. *Id.* at 489-90.

2

ECF No. 8 at 4.

The Court found plaintiff's § 1983 cause of action arising out of his *Brady* violations did not accrue until November 24, 2015, when the Missouri Supreme Court vacated his convictions and sentences for first degree murder. *Id.* Thus, the five-year statute of limitations will not run until November 24, 2020, and plaintiff's action was timely filed. Defendants' motions to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Brauer and Pappas' motions to dismiss are **DENIED**. [ECF Nos. 22 and 23]

A separate Case Management Order will issue with this Memorandum and Order.

Dated this 13th day of December, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE