UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGINALD CLEMONS,                    )
                                     )
        Plaintiff,                   )
                                     )
    vs.                              )        Case No. 4:17CV2739 HEA
                                     )
JOSEPH BRAUER, et al.,               )
                                     )
        Defendants.                  )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Brauer and Pappas' Motion

for Summary Judgment [Doc. No. 61]. Plaintiff has filed an opposition to the

Motion. Defendants have filed a reply thereto. For the reasons set forth below, the

Motion is granted.

### Facts and Background

Plaintiff filed this § 1983 lawsuit alleging Defendants Brauer and Pappas

violated Plaintiff's constitutional rights by illegally coercing Plaintiff's confession

in the "Chain of Rocks Rapes and Murders" investigation. The underlying criminal

conviction is infamous in the St. Louis area, involving the rapes and murders of

sisters Julie and Robin Kerry in 1991. As the specific facts relating to the criminal

acts against the Kerry sisters and the subsequent criminal and civil litigation have

been illuminated heavily in the record, the Court will not recount them here.

1

Defendants Brauer and Pappas move for summary judgment on the claims against them. Defendants argue that Plaintiff is collaterally estopped from litigating the issue of his coerced confession in his § 1983 claim.

Plaintiff offers no opposition to Defendants' Statement of Uncontroverted Material Facts, thus admitting Defendants' Statement under Local Rule 4.01(E).[1] Plaintiff opposes Defendants' contention that he is collaterally estopped from litigating his coerced confession in his § 1983 claim.

## Legal Standard

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine [dispute] of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007). Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual

---

[1]"Every memorandum in support of a motion for summary judgment must be accompanied by a document titled Statement of Uncontroverted Material Facts, which must be separately filed using the filing event, "Statement of Uncontroverted Material Facts." The Statement of Uncontroverted Material Facts must set forth each relevant fact in a separately numbered paragraph stating how each fact is established by the record, with appropriate supporting citation(s). Every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts, which must be separately filed using the filing event "Response to Statement of Material Facts." The Response must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts. All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D. Mo. Loc. R. 4.01(E).

disputes that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.* "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). Once the moving party has met its burden, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks and citations omitted).

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putnam v. Unity Health System*, 348 F.3d 732, 733–34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). The nonmoving party may not merely point to unsupported self-serving allegations but must substantiate allegations with sufficient probative evidence that would permit

3

a finding in his or her favor. *Wilson*, 62 F.3d at 241. "The mere existence of a

scintilla of evidence in support of the [nonmoving party's] position will be

insufficient; there must be evidence on which the jury could reasonably find for the

[nonmovant]." *Anderson*, 477 U.S. at 252; *Davidson & Associates v. Jung*, 422

F.3d 630, 638 (8th Cir. 2005). "Simply referencing the complaint, or alleging that a

fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze*

*ex rel. Hitchcock Foundation v. Gaines*, 536 F.3d 813, 818 (8th Cir. 2008).

Defendants move for summary judgment based on collateral estoppel of

Plaintiff's coerced confession claim and procedural bars under *Heck v. Humphrey*,

512 U.S. 477 (1994).

## Discussion

Defendants argue that the basis of Plaintiff's § 1983 claim—the validity of

the confession based on coercion—is collaterally estopped from being relitigated

based on Plaintiff's guilty pleas for Murder in the Second Degree, Forcible Rape,

and Robbery in the First Degree. Defendants also argue that Plaintiff is barred

from bringing a § 1983 claim under *Heck*, as the convictions for Forcible Rape and

Robbery in the First Degree were not declared invalid by a state tribunal. Finally,

Defendants argue that Plaintiff's guilty pleas act as a waiver of any claim of

illegality due to language in the plea agreements stating: "[T]he defendant

[Clemons] states that no person has directly or indirectly, threatened or

4

coerced him to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty."

Plaintiff's claim is not *Heck*-barred under prevailing case law. *See Poventud v. City of New York*, 750 F.3d 121, 133–34 (2d Cir. 2014) (finding a court invalidates the final judgment in a state criminal trial when it vacates a conviction and "from that moment on, a § 1983 suit would not demonstrate the invalidity of the vacated conviction" and would not be *Heck* barred).

However, Plaintiff's claim is collaterally estopped. The Supreme Court has previously held that the doctrine of collateral estoppel applies to § 1983 claims. *See Allen v. McCurry*, 449 U.S. 90 (1980). In a § 1983 claim, the Court must give the same preclusive effect to a previous state court judgment as it would give under the law of the state in which the judgment was rendered. *See* 28 U.S.C.A. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984). Applying Missouri law, the Court considers four factors when determining whether an issue is collaterally estopped:

> (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. The doctrine of collateral estoppel will not be applied where to do so would be inequitable.

*James v. Paul*, 49 S.W.3d 678, 682 (Mo. 2001) (en banc) (citing *Oates v. Safeco Ins. Co. of Am.*, 583 S.W.2d 713, 719 (Mo. 1979)).

The first factor to consider is whether the issue of the prior adjudication and the current case are identical. Plaintiff contends that his confession in the Chain of Rocks Rapes and Murders was coerced by Defendants, which constitutes the core issue of Plaintiff's § 1983 claim. Had Plaintiff not pled guilty to the renewed charges in 2017, the validity of the confession would have likely been a key component of the criminal trial as it was relied on by the State when charging Plaintiff. In both cases, the issues of the validity of the confession are identical.

The second factor to consider is whether the prior adjudication was a judgment on the merits. Plaintiff's guilty plea suffices as a judgment on the merits under Missouri law. *See State ex rel. O'Blennis v. Adolf*, 691 S.W. 2d 498, 503 (Mo. App. 1985) (guilty plea "resulted in a judgment on the merits"); *James*, 49 S.W.3d at 683 (holding that voluntary guilty plea constituted a judgment on the merits).

The third factor to consider is whether Plaintiff, whom Defendants assert collateral estoppel against, was a party or in privity with a party of the prior adjudication. Plaintiff was a party to the prior criminal case at issue in this claim. Defendants are invoking collateral estoppel defensively, which is a proper use of non-mutual collateral estoppel. Under Missouri law, Defendants, who were not

6

parties to the prior case, may assert a prior judgment against Plaintiff, who was a party to the prior case, to preclude re-litigation of an issue. *James*, 49 S.W.3d at 686.

The fourth factor to consider is with Plaintiff had a full and fair opportunity to litigate the issue in the prior suit. Missouri law has recognized that collateral estoppel does apply to convictions that resulted from guilty pleas. *Id.* Plaintiff had a full and fair opportunity to litigate the issue of the validity of the confession at his criminal trial. "All issues which could have been presented, but were not, are deemed waived." *Conley v. Whitener*, 617 F.Supp 86, 88 (E.D. Mo. 1985) (citing *Sanders v. Frisby*, 736 F.2d 1230, 1232 (8th Cir. 1984)). By pleading guilty to the 2017 charges brought by the State after the Missouri Supreme Court vacated Plaintiff's first conviction, Plaintiff waived his right to litigate the issue of the validity of the confession at a criminal trial. Plaintiff had a full and fair opportunity to litigate the issue of possible coercion in the confession.

When deciding issue preclusion, the Court must also take into consideration equitable factors. *Oates*, 583 S.W.2d at 721 (courts "should carefully consider the equities of the particular situation"). While Defendants argue there are no equitable considerations that would override issue preclusion, Plaintiff's allegation of lack of knowledge warrants consideration. Plaintiff's signed plea agreement states that "no person has directly or indirectly, threatened or coerced him to do or refrain from

7

doing anything in connection with any aspect of this case, including entering a plea of guilty." Defendants argue that, without collateral estoppel, Plaintiff will potentially profit from his claim of coercion, contrary to his assertion in his guilty plea.

Plaintiff argues that he lacked knowledge that the clause in his plea agreement would preclude him from civilly litigating the validity of the confession, stating that his attorney did not advise him of the consequences of the plea's terms. Plaintiff states that he would not have pled guilty if he knew that the plea's terms would imply that he voluntarily confessed. Under Missouri law, "a guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *State v. Roll*, 942 S.W.2d 370, 375 (Mo. 1997). Counsel for a criminal defendant has a duty to inform the defendant of the direct consequences of the guilty plea; however, counsel does not have "a duty to advise such defendant of a guilty plea's collateral consequences." *Johnson v. State*, 318 S.W.3d 313, 317 (Mo. App. E.D. 2010). Direct consequences include: "the nature of the charges, the maximum possible and mandatory minimum penalties, the right to be represented by an attorney, the right not to plead guilty, and the defendant's waiver of all trial rights if he pleads guilty." *State v. Knox*, 553 S.W.3d 386, 397 (Mo. App. W.D. 2018) (citation omitted). These direct consequences are of the nature that

"definitely, immediately, and largely automatically follow the entry of a plea of guilty." *Id.* (citation omitted). Collateral estoppel of the confession in a § 1983 claim does not fit in the category of a direct consequence of a guilty plea, making it a collateral consequence of which Plaintiff's counsel had no duty to inform him. Thus, Plaintiff's lack of knowledge and understanding of this collateral consequence of the guilty plea does not make his guilty plea involuntary.

## Conclusion

There are no equitable considerations that warrant non-application of collateral estoppel to Plaintiff's claim. Therefore, the issue of the validity of Plaintiff's confession is precluded. With the issue of potential coercion in the confession precluded, there is no genuine dispute of material fact at issue in this claim.

The issue of the validity of Plaintiff's confession is precluded. The confession is the primary element of Plaintiff's § 1983 claim and thus its preclusion indicates there is no genuine dispute of material fact in this claim. Defendants are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Joseph Brauer and Chris

9

Pappas' Motion for Summary Judgment, [Doc. No. 61], is **GRANTED**.

A separate judgment is entered this same date.

Dated this 12th day of April,  2022.


 

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE